IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Michael John Thomas Knitter, MD, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S** |
| | ) | **MOTION TO DISMISS** |
| vs. | ) | |
| | ) | |
| The United States of America, | ) | Case No. 1:22-cv-080 |
| | ) | |
| Defendant. | ) | |

Before the Court is the United States' motion to dismiss filed on October 3, 2022. See Doc. No. 10. The Plaintiff filed a response in opposition to the motion on October 12, 2022. See Doc. No. 13. The United States filed a reply on October 26, 2022. See Doc. No. 14. The Plaintiff filed a surreply on October 31, 2022. See Doc. No. 16. For the reasons set forth below, the motion is granted.

## I.  BACKGROUND

The Plaintiff, Michael Knitter, MD, is an anesthesiologist who previously worked at the James E. Van Zandt VA Medical Center ("Van Zandt VA") in Altoona, Pennsylvania. Dr. Knitter's employment was terminated on August 25, 2017. The VA's reasons for terminating his employment are not included in the record in this case. Dr. Knitter now resides in Bismarck, North Dakota.

On July 5, 2018, the Veteran Affairs Office of Inspector General ("VA OIG") issued a report titled "Alleged Inappropriate Anesthesia Practices at the James E. Van Zandt VA Medical Center." Although the entire VA OIG report is not attached in the complaint, Dr. Knitter referenced

1

the report and included excerpts in the complaint. The complete report is a matter of public record[1]. The VA OIG report does not name the anesthesiologist who is the subject of the report. However, it notes that the unnamed anesthesiologist is no longer employed by the VA. According to the VA OIG report, the VA's reasons for discharging the unnamed anesthesiologist were not related to the anesthesiologist's inconsistent medication administration practice that is documented in the report.

Hospitals, including those operated by the VA, state licensing boards, and other entities are required to report certain types of information to the National Practitioner Data Bank ("NPDB"). See 45 C.F.R. § 60.2. The NPDB is a data clearinghouse created by Congress to "collect and release certain information relating to the professional competence and conduct of physicians, dentists, and other health care practitioners." See 45 C.F.R. § 60.1.

The VA OIG report indicates the Van Zandt VA had not furnished a report to the NPDB regarding the anesthesiologist who was the subject of the VA OIG report. According to the VA OIG report, at the time the anesthesiologist's employment ended the conduct did not meet the criteria to send a report to the NPDB. The VA OIG report recommends the Van Zandt VA reevaluate whether the unnamed anesthesiologist should be reported to the NPDB for the practice of administering medications inconsistent with FDA approved manufacturer's instructions.

On June 22, 2020, Dr. Knitter requested the VA OIG amend the report with specific corrections, pursuant to 5 U.S.C. § 552a(d). He also requested the VA OIG republish the report after correction. On June 30, 2020, the VA OIG denied Dr. Knitter's request, explaining the investigative report at issue is exempt from the requirements of 5 U.S.C. § 552a(d). That same day Dr. Knitter appealed the decision to the Counselor to the Inspector General. On July 2, 2020, his appeal was denied.

---

[1] The VA OIG report referenced in the complaint can be found at https://www.va.gov/oig/pubs/VAOIG-16-00284-214.pdf.

Dr. Knitter commenced this action on May 9, 2022. See Doc. No. 1. The complaint implies Dr. Knitter is the unnamed anesthesiologist who is the subject of the VA OIG report. Further, it suggests the VA ultimately submitted a report to the NPBD regarding Dr. Knitter's administration of medication while employed by the VA. On June 4, 2020, the NPBD voided the report. See Doc. No. 13-4. The complaint alleges the VA OIG report must be amended because the NPDB report was voided. The complaint maintains the VA OIG report contains inaccurate information.

Dr. Knitter requests the Court order the VA OIG to amend its report to the extent it alleges improper medication administration by Dr. Knitter during his employment at the Van Zandt VA. As previously noted, the VA OIG report never mentioned Dr. Knitter's name. The report is publicly associated with Dr. Knitter only because he identified himself as the subject of the report. Further, he requests the Court order the VA OIG to republish the amended report. Dr. Knitter also asks the Court to reinstate his employment with the Van Zandt VA. The United States filed a Rule 12(b)(1) and Rule 12(b)(6) motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The motion has been fully briefed and is ready for disposition.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. "Subject matter jurisdiction defines the court's authority to hear a given type of case." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). Jurisdictional issues are a matter for the court to resolve prior to trial. Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). The Plaintiff bears the burden to prove subject matter jurisdiction exists. Herden v. United States, 726 F.3d 1042, 1046 (8th Cir. 2013).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." Osborn, 918 F.2d at 729 n.6. In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Id. (internal citations omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." Id. (internal citation omitted). If a defendant wishes to make a factual attack on "the jurisdictional allegations of the complaint, the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).

In this case, the United States asserts a factual attack on jurisdiction by citing to the VA OIG report, which is not included in the Plaintiff's pleadings. Thus, the Court may consider matters outside the pleadings to the extent necessary in ruling on the motion. See Buckler v. United States, 919 F.3d 1038, 1044 (8th Cir. 2019); Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 637 n. 4 (8th Cir. 2003).

### III.  LEGAL ANALYSIS

The United States contends the Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction, and for failure to state a claim upon which relief may be granted. Specifically, the United States maintains sovereign immunity has not been waived and the Plaintiff has failed to identify any statutory basis for the Court to exercise jurisdiction. The Plaintiff contends he has met the requirements of Rules 12(b)(1) and 12(b)(6). The complaint asserts two sources of the Court's jurisdiction. The complaint primarily relies on 45 C.F.R. § 60.22, asserting the United

4

States waived its sovereign immunity due to its actual knowledge of false information in the VA OIG report. The complaint also contends the Privacy Act provides the Court with jurisdiction.

It is well-settled that the United States, as sovereign, is immune from suit unless it has consented to be sued. Peterson v. United States, 428 F.2d 368, 369 (8th Cir. 1970). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996). "[S]tatutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign." McMahon v. United States, 342 U.S. 25 (1951).

A. **Jurisdiction Under 45 C.F.R. § 60.22**

Pursuant to the Health Care Quality Improvement Act of 1986, Congress directed the United States Department of Health and Human Services ("HHS") to establish the National Practitioner Data Bank. See 42 U.S.C. 11101-11115. HHS then promulgated regulations pertaining to the NPBD. Under 45 C.F.R. § 60.22 "[i]ndividuals, entities or their authorized agents, and the NPDB shall not be held liable in any civil action filed by the subject of a report unless the individual, entity, or authorized agent submitting the report has actual knowledge of the falsity of the information contained in the report."

45 C.F.R. § 60.22 is a regulation promulgated by HHS regarding the immunity of individuals, entities, and authorized agents, and makes no explicit reference to a waiver of the United States' sovereign immunity. Further, the HHS lacks the authority to waive the United State's sovereign immunity. 45 C.F.R. § 60.22 is not an unequivocal expression by Congress that waives the United States' sovereign immunity. Therefore, 45 C.F.R. § 60.22 does not provide the Court with jurisdiction over the United States. Additionally, 45 C.F.R. § 60.22 pertains to NPDB reports, not VA OIG reports, such as the one at the center of this litigation. Thus, 45 C.F.R. § 60.22

it is not applicable to the Plaintiff's cause of action. The VA reported concerns about an unnamed physician's prescribing practices raised in the VA OIG report to the National Practitioner Data Bank. The NPDB later voided the report. The NPBD's decision to void and reverse the report does not demonstrate the VA OIG report is intentionally inaccurate nor does it expose the VA to civil liability. More important, even if the VA OIG report intentionally misrepresented facts about an <u>unnamed</u> physician, there is no legal authority for this Court to order its correction.

### B. Jurisdiction Under the Privacy Act

Under the Privacy Act an individual may bring an action against a federal agency that declines to amend a record upon request. <u>See</u> 5 U.S.C. § 552a(g). However, the Privacy Act allows agencies to exempt systems of records that are "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws." <u>See</u> 5 U.S.C. § 552a(j)(2). Pursuant to its authority under the Privacy Act, HHS promulgated exemptions for certain systems of records maintained by the Department of Veteran Affairs. <u>See</u> 38 C.F.R. 1.582. Specifically, VA Inspection General Complaint Center records are exempt from the Privacy Act. <u>See</u> 38 C.F.R. 1.582(b)(1)(ii); <u>see also</u> 84 F.R. 16145-16150 (exempting Inspector General Complaint Center records from the contesting procedures under sections 552(d) and 552(g) of the Privacy Act.)

The VA OIG record Dr. Knitter seeks to amend and republish is a VA Inspector General Complaint record, which is exempt from Sections 552(d) and 552(g) of the Privacy Act. The Privacy Act does not waive the United States' sovereign immunity in this case. Therefore, the Privacy Act does not provide the Court with subject matter jurisdiction over this case.

## IV.     CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law. For the reasons set forth above, the United States' motion to dismiss (Doc. No. 10) is **GRANTED**.  Accordingly, the complaint against the United States is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this 24th day of April, 2023.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court